CHIEF-JUSTICE WILLIAMS
delivered Tins opinion oe the court.
Appellant Polly Hall’s father died, having devised to her for life one hundred acres of land — remainder to her children — March 26, 1853. She and her husband, Joseph' Hall, and several if not all of the children, deeded said land by general warranty to F. A. Kaye, as trustee for Mary Whitlock, for the consideration as therein set out, paid and to be paid; and of the unpaid there was seven hundred dollars for which no note was given, but which was to be paid in two equal installments — January 1,1864 and 1867; but the interest was to be paid annually, and for this deferred sum and interest a lien was retained.
On the same day Joseph Hall and his wife executed a mortgage on another tract of one hundred acres of land to Kaye as trustee, as recited in said mortgage, to secure Kaye in the title to the other tract, as it was imperfect because some of Mrs. Hall’s children were minors. Joseph Hall died, and there descended to his heirs and distributees more assets than would make good his warranty of title to the first tract of land. Subsequently to his death his administrator, widow, and heirs brought this suit to enforce the lien for said seven hundred dollars, with accrued interest against said land, it then being in possession of W. D. Hampton and wife, who purchased it from F. L. Priest and J. R. Hampton, who had purchased it from said Kaye and his beneficiaries. That Kaye, etc., when they sold and deeded said land, transferred to their vendees said mortgage, and set out said deferred payment of seven hundred dollars, with its interest, and when to be paid, etc., in said deed; but in the deed to W. D. Hampton and wife nothing is said as to said deferred payment.
One of Mrs. Hall’s children, who was a minor at the making the deed, had died, leaving an only child as heir, *14 Avho was still a minor: another minor child had arrived at full age. The enforcement of said lien was resisted because the title Avas still imperfect, and could not be perfected until the .arrival at age of all the minor heirs.
The court adjudged $252.74 to the plaintiff's, and ordered that they convey the title by a specified day at the next term, but refused judgment on the remainder until the minor heir,. Javan Pinnell, should arrive at majority, and elect to take the money instead of his interest in the land; and from which the plaintiffs have appealed.
Waiving all question as to whether all the heirs of Joseph Hall are not estopped from claiming against his warranty of title to said land because they have received assets from him more than sufficient to make said warranty good, and looking alone at the contract, no ground of rescission of the contract or postponement of the payment is perceived.
All the subsequent purchasers take as did Kaye, and their equities, whatever they may be, come through him; and, as against the original vendors, they can have only such as Kaye would have. There was no deceit nor concealment as to the title, but it was then known to be defective, as was the character of the defect.
The vendee Kaye agreed to accept a warranty deed, Avhieh alone, if depended on, would have been sufficient, unless afterward it proved unavailing because of non-residency or insolvency of the warrantor, neither of which is alleged nor proved; but that alone was not relied on, for a mortgage on another tract of land for this purpose was taken, and no averment or proof that it is insufficient either as to value or validity of title.
Kaye and his beneficiaries then had both the warranty of Joseph Hall and a mortgage on another tract of land, and in consideration of which it was agreed that the *15 animal interest on this deferred payment should be paid, and the principal sum, at given dates; and this remained, a charge upon the land, which Kaye’s vendees undertook to pay, as is shown by the recitals in their deed; and though not set out in the deed of Hampton and wife, yet in law they must be regarded as notified, and as taking the land subject to this charge. Therefore, whatever may be their rights as against their immediate vendors, they have none as against the plaintiffs.
The chancellor can only modify the written contracts of parties for fraud or mistake or oversight, or for some subsequent equity.
Here there was mo concealment, no fraud, no oversight, but a contract to pay money at' given times upon a valuable consideration. Nothing has since arisen to show that the security contracted for will be unavailing, or that the purchaser’s rights of ultimate indemnity, as contracted for by him, will be endangered; but the court, against the express terms of the contract, is asked and has adjudged the money to be retained 'until the minor heir comes of &ge. There is no known principle of law or equity to authorize this; for it is not .the business of courts to make contracts for conrpetent parties, or to relieve suc,h against improvident ones, but to correct mistakes and relieve against frauds, and to retain payments for equitable causes until such be removed.
Wherefore the judgment is reversed, with directions to enforce the lien, and for such proceedings as are herein indicated.