JOSHUA WOODHEAD v. CHARLES F. BROSCKE.

**Fraud in Sale of Real Estate.**
> Fraud is never presumed, but must be proved, and the burden is on one charging fraud to prove it.

**Warrant of Title.**
> One who accepts a deed to land and has it recorded, in the absence of fraud or mistake, must test his title if it is disputed and be unsuccessful before he can come back on his vendor, and then must recover, if at all, on the breaches contained in his deed of warranty.

APPEAL FROM PENDLETON CIRCUIT COURT.

September 27, 1876.

OPINION BY JUDGE COFER:

. On the 22nd of May, 1871, appellee and appellant exchanged lands. Appellee exchanged his land in Indiana (three hundred twenty acres), for a tract of three hundred twenty acres that plaintiff claimed in Taney county, Missouri, and a house and lot of his at Newpoint, Indiana; and afterwards on the 27th of June, 1871, the appellee exchanged the house and lot at Newpoint, Indiana, for three hundred twenty acres of land claimed by appellant adjoining the first tract of three hundred twenty acres in Taney county, Missouri. These two tracts of land lying in Missouri were conveyed by appellant to appellee, the first on the 22nd of May, and the second on the 27th of January, 1871.

The appellee charges that at the time of said exchange of land the appellant represented that he was the legal owner of said Missouri section of land, and promised to convey the same to him by covenants of general warranty, and that he had paid all the taxes on same. He further charges that appellant made him a special instead of a general warranty deed, had never paid any taxes, and the land conveyed to appellee was at the time a part of the public lands of the United States and was then subject to entry, etc. He, however, files with his petition and makes a part thereof what purports to be an abstract of title to said Missouri section of land, and says that appellant delivered it to him at the time of the exchange of lands between him and appellant, and that the same is a sham and a cheat, and shows that appellant has no title.

Every allegation of fraud and misrepresentation is denied by the appellant in his answer, and these denials are established by his deposition. He charges and proves that he bought the land in dispute of one Hoyt of Chicago, and Hoyt gave him his abstract of title, and that he exhibited before he exchanged lands with appellee said Hoyt's deed and the abstract shown by appellee in this suit, and that he told appellee at the time that the same exhibited all his evidence of title and that he would only convey him such title as he had gotten from Hoyt. He denies all fraud or misrepresentation, and says that upon said exhibition of title on his part the appellee was anxious to exchange some swamp lands in Indiana for said land in Missouri, whereupon they agreed on the terms and appellant executed and delivered the two deeds referred to in his pleadings to appellee, and

he took and had them recorded in the clerk's office of the Taney County Court. Appellant proves that he knew nothing about his title to the land except from the abstract delivered to appellee, and Hoyt's deed to him, and had never seen the land. In other words appellant denies in his pleadings and in his deposition every allegation of fraud, deceit or misrepresentation charged or proved against him by appellee, and the case, so far as frauds are concerned stands alone upon the evidence of appellee and appellant.

The rule of law is too old to now be questioned that fraud in a case like this is never presumed but must be proved. The court below seems to have founded its decision on the fact that no consideration passed from appellant to appellee as all his abstracts were insufficient to show title in him to the lands deeded by him. All this may be true, but on the first exchange the appellant exchanged a house and lot at Newpoint, Indiana, which is priced by appellee himself at two hundred dollars and said two hundred dollars worth of realty was a valuable consideration.

We are inclined to the opinion that the abstract exhibited by appellant to the section of land in Missouri goes a long distance back to hunt a bad-looking title, but the appellee has accepted deeds to said land and had them recorded, and in the absence of fraud, mistake or oversight he must test said title, if it is disputed, and be unsuccessful before he can come back on his vendor, and then must recover, if at all, on the breaches contained in his deeds of warranty. *Hall's Adm'r v. Priest*, 6 Bush 12.

It may be true that just before the two exchanges the appellee had a two thousand acre tract of land in Indiana, and that just afterwards he had nothing for it; but as the exchanges were executed contracts, we cannot relieve him, as the evidence fails to preponderate in his favor on the question of fraud; and even if appellee had been evicted from the land conveyed by appellant the proper suit should have been a suit at law for appellant's breach of warranty, and a suit in equity could not be sustained except upon some equitable ground such as the insolvency or non-residence of appellant. 6 Bush 12, supra.

There is no evidence in this case that any of the copies of record recited in the abstract of title delivered to appellee by appellant and filed by him are forged or false, or that the original records are not truly recited in the copies filed by the appellee; and it may be that appellee's title can be sustained by the Spanish grant recited in appellant's abstract, but we think the prospect is gloomy for that. Where-

fore, from the pleadings and proof herein, this cause is *reversed,* with directions that the appellee's action be dismissed at his cost.

C. H. Lee, *for appellant.*   J. H. Fryer, *for appellee.*